UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Petrazzoulo, *on behalf of himself and all others similarly situated,*<br>　　　　　　*Plaintiffs,*<br><br>　　　v.<br><br>Gemini Equities, LLC, Houslanger & Associates. PLLC, and Todd E. Houslanger, Esq.<br><br>　　　　　　*Defendant.* | Civil Action No:<br><br>**Complaint**<br>*Jury Trial Demanded Hereon* |

Michael Petrazzoulo, on behalf of himself and all others similarly situated, for his complaint alleges as follows:

### NATURE OF ACTION

1. The instant lawsuit seeks to vindicate the rights of New York consumers pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and *New York General Business Law* § 349.

2. New York law prohibits demanding payment or collecting payment where the assignor never provided notice to the consumer that the account had been assigned.

3. This lawsuit is brought on behalf of New York consumers from whom Defendants – a purported debt buyer assignee and its attorneys – demanded and obtained payments via post-judgment garnishments and bank restraints and other collection communications where no such notice from the assignor was provided.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this district.

7. Venue is also proper in this district because Defendant Houslanger & Associates, PLLC and Defendant Todd E. Houslanger have their principal place of business in this District and many of the wrongful acts alleged herein occurred in this District.

## PARTIES

8. At all relevant times, Michael Petrazzuolo has resided in the city and county of Rensselaer, New York.

9. Plaintiff is a "consumer" under the FDCPA, § 1692a(3).

10. Defendant Houslanger & Associates, PLLC ("H&A"), was and is a domestic professional service limited liability corporation authorized to do business in New York, with its principal place of business in Huntington, New York.

11. H&A is a high-volume debt collection law firm and, upon information and belief, collects upon thousands of judgments every year.

12. H&A's website, www.toddlaw.com, lists its two practice areas as "judgment enforcement" and "collections";

13. H&A regularly collects debts on behalf of others and the collection of debts is its principal business purpose.

14. H&A is a debt collector under FDCPA § 1692a(6).

15. Todd E. Houslanger is an attorney and has at all relevant times been a principal and owner of Houslanger & Associates, PLLC;

16. Mr. Houslanger has final, supervisory over H&A's collections practice.

17. Mr. Houslanger's principal business endeavor is the collection of debts, and he regularly attempts to collect debts alleged to be due another.

18. Mr. Houslanger is a debt collector under FDCPA § 1692a(6).

19. Defendant Gemini Equities, LLC ("Gemini"), was and is a domestic limited liability corporation authorized to do business in New York, with a principal place of business in Westchester County, NY;

20. Gemini is licensed with the New York City Department of Consumer Affairs as a debt collection agency;

21. Gemini's principal business purpose is collection on consumer debts Gemini purchases after default.

22. Gemini is a debt collector as defined under FDCPA § 1692a(6).

23. Each and every Defendant herein uses multiple instrumentalities of interstate commerce, as well as the mails in connection with and in furtherance of Defendants' collection activities.

## NAMED PLAINTIFF'S EXPERIENCE

## CLASS ALLEGATIONS

24. The plaintiff, Michael Petrazzoulo, brings this action on behalf of himself and also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

25. Plaintiff seeks to represent the Class (hereafter, "the Class") defined as follows:

   i.   Natural persons;

   ii.  who were sued by Erin Capital Management, LLC ("ECM");

    iii.    in a New York state court consumer collection action, in which ECM took judgment; and

    iv.    Gemini is the purported judgment assignee; and

    v.    H&A is counsel to Gemini; and

    vi.    in which Gemini, through H&A, demanded and/or collected payment from the consumer (whether by means of garnishment, restraint or any other communication) or otherwise attempted to collect;

    vii.    prior to ECM sending a written notice to the consumer informing him or her that the account was assigned to Gemini.

26.    The Class consists of two Subclasses, defined as follows:

    a.    The FDCPA Subclass: all those who meet the class definition set forth above and with regard to whom the collection activity referenced in Paragraph 25(vi), supra, occurred within one year of the filing of the instant Complaint;

    b.    The GBL Subclass: all those who meet the class definition set forth above and with regard to whom the collection activity referenced in Paragraph 25(vi), supra, occurred within three years of the filing of the instant Complaint;

27.    Excluded from the Class is:

    i.    anyone employed by counsel for Defendants in this action; and

    ii.    any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

*Existence and Predominance of Common Questions*

28. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

29. These common questions include, *inter alia*:

   a. whether Gemini, through H&A, demanded payment; collected and/or attempted to collect from Class Members prior to ECM sending a notice of assignment;

   b. whether by doing so, Defendants violated the FDCPA;

   c. whether by doing so, Defendants violated NYGBL 349;

*Typicality*

30. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff is:

   i. a Natural person;

   ii. who was sued ECM;

   iii. in a New York state court consumer collection action, in which ECM took judgment; and

   iv. Gemini is the purported judgment assignee; and

   v. H&A is counsel to Gemini; and

   vi. Gemini, through H&A, demanded and/or collected payment from the consumer (whether by means of garnishment, restraint or any other communication) or otherwise attempted to collect;

   vii. prior to ECM sending a written notice to the Plaintiff informing him that the account was assigned to Gemini;

31. Thus, Plaintiff's claims—based on the same acts and/or omissions as the claims of all other class members—are typical of the claims of the class.

32. Put differently, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each class member, has been subjected the same false, deceptive and unfair communications and acts by Defendants.

*Adequacy*

33. Plaintiff will fairly and adequately represent the interests of the class members. its interests do not conflict with the interests of the members of the Class it seeks to represent.

34. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this Plaintiff and its counsel will not vigorously pursue this matter.

*Superiority*

35. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

36. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.

37. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

38. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

39. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

40. In the alternative, the Class may be certified because:

    a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

    b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**
*(Violation of the Fair Debt Collection Practices Act)*

41. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

42. Defendants violated the FDCPA by demanding payment, attempting to collect and/or collecting prior to Gemini's judgment assignor, ECM, sending a notice of assignment,

   in violation of FDCPA §§ 1692e, 1692e(2)(A); 1692e(5); 1692e(8); 1692(10); 1692f; 1692f(1).

43. Plaintiff and all others similarly situated have suffered cognizable harm as a result of these violations.

44. As a result of these violations, Defendants are liable for statutory damages, actual damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
*(New York State General Business Law § 349)*

45. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

46. By demanding and collecting on debts under the circumstances described herein (*i.e.* where Defendants had no right to do so because the assignor had sent no notice of assignment to the purported debtor), Defendants falsely represented that they were entitled to payment when they were not, and received payments to which they were not entitled.

47. Demanding payment and collecting on said debts under these circumstances constituted a deceptive act and practice committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of New York General Business Law § 349 independent of whether it also constituted a violation of any other law.

48. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

49. Plaintiff and all others similarly situated have been damaged thereby.

50. As a result of Defendant's violations of § 349, Defendants are liable for declaratory judgment; an injunction against the offending conduct, statutory damages, actual damages, treble damages, punitive damages, costs and attorneys' fees.

*[continued on next page]*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing its attorneys as Class Counsel;

B. A judgment declaring that Defendant has committed the violations of law alleged in this action;

C. An injunction against the unlawful conduct described above;

D. Actual Damages;

E. Statutory Damages;

F. Treble Damages;

G. Punitive Damages;

H. Attorney's Fees and Costs; and

I. Such other and further relief that may be just and proper.

Dated: November 11, 2018

Respectfully,

SCHLANGER LAW GROUP LLP

*/s/Daniel A. Schlanger*
Daniel A. Schlanger
9 East 40th Street
Suite 1300
New York, NY 10016
T. (212) 500-6114
F. (646) 612-7996
dschlanger@consumerprotection.net

ANTHONY J. PIETRAFESA ESQ.
721 University Building
120 East Washington Street
Syracuse NY 13202
T. (518) 218-0851
F. (518) 514-1241
ajp@ajp1law.com

*Attorneys for Plaintiff and the Putative Class*

Case 2:18-cv-06407-DLI-RER   Document 1   Filed 11/11/18   Page 11 of 11 PageID #: 30